JACOB PORTER v. HENRY KLAHN.

(No. ——, Op. Book No. 2, p. 20.)

APPLICATION for *mandamus* from Cameron County. Opinion by ECTOR, P. J.

§ **528.** *Mandamus; in what cases the writ will issue.* Application is made direct to this court for a writ of *mandamus* to compel the defendant to set aside, vacate and annul a judgment rendered by him as county judge, in a case pending before the county court, entitled The State v. Jacob Porter, in which the county court sustained the motion of the county attorney to dismiss the appeal.   The object of the prayer for the writ is to require defendant to grant applicant his right of appeal and a trial *de novo* in said county court, the cause having originated in a justice's court, from which the appeal was taken to the county court.

A writ of *mandamus* will only issue to an officer when the duty to be performed is ministerial in its character, but not where the exercise of judgment or discretion is required.   Where the law prescribes the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial; but where the act to be done involves the exercise of discretion or judgment, it is not to be deemed merely ministerial.   [Commissioner Gen. Land Office v. Smith, 5 Tex. 471; Asberry v. Beavers, 6 Tex. 467.]

The most important principle to be observed .in the exercise of jurisdiction by *mandamus*, and one which lies at the very foundation of the entire system of rules and principles regulating the use of this extraordinary remedy, is that which fixes the distinction between the duties of a peremptory or mandatory nature, and those which are discretionary in their character, involving the exercise of some degree of judgment on the part of the officer or body against whom the *mandamus* is sought.   This distinction may be said to be the key to the extended system

of rules and precedents forming the law of *mandamus.* [High on Extr. Legal Remedies, sec. 24.] The writ cannot issue when discretion and judgment are to be exercised by the officer, and only in cases where the relator is without other adequate remedy. Officers to whom public duties are confided are not subject to control in the exercise of the judgment and discretion which the law reposes in them as part of their official duty, by writ of *mandamus.* [United States v. Seaman, 17 How. 230; Comm'r of Patents v. Whitely, 4 Wall. 522; U. S. v. McGarrahan, 9 Wall. 312; Gaines v. Thompson, 7 Wall. 347.]

§ 529. *Power and authority of county judge.* The judge of the county court is intrusted by law with the power to decide motions and questions that arise in causes before him, and his actions thereon being judicial acts, in the discharge of such official duties as are conferred by statute, cannot be revised as relator asks may be done by this court in the case at bar. This court has no jurisdiction of the cause on appeal, the amount of the judgment not exceeding $20, exclusive of costs. The effect of granting the relief prayed for would be to make the writ of *mandamus* serve the purpose of an appeal in cases where an appeal does not lie.

December 11, 1878.                              Dismissed.